# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ASHLEY JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| DEKALB COUNTY SCHOOL DISTRICT; KENNETH BRADSHAW, in his Individual Capacity; LISA MCGHEE, in her Individual Capacity; and ROBIN GOOLSBY, in her Individual Capacity | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | Jury Trial Requested |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff Ashley Jackson (hereinafter "Plaintiff" or "Mr. Jackson"), by and through counsel, hereby files his complaint against the above named Defendants on the on following grounds:

## JURISDICTION AND VENUE

1.

This action is brought pursuant to Title XI, 20 U.S.C. § 1681, et seq;

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343, and 1367.

3.

1

Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 as the parties reside in the Northern District of Georgia and the claims arose within the district and division of the Court.

## THE PARTIES

4.

During the relevant time, Plaintiff Ashley Jackson (hereinafter "Plaintiff" or "Mr. Jackson") was employed by the DeKalb County School District at the Lithonia Middle School.  Mr. Jackson is a Cobb County resident of the state of Georgia who is entitled to bring actions of this kind and nature.

5.

Defendant DeKalb County School District (hereinafter "District" or "Defendant") is a public school system operating and existing under the Constitution and laws of the State of Georgia and is responsible for providing public education services within DeKalb County, Georgia.  The District may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by service on the Superintendent, Dr. R. Stephen Green, at his place of business, 1701 Mountain Industrial Boulevard, Stone Mountain, GA 30083.

6.

At all relevant times, Defendant Kenneth Bradshaw was the Regional Superintendent of the Defendant DeKalb County School District, and is sued in his

individual capacity. Dr. Bradshaw recommended the termination of Plaintiff. Mr. Bradshaw may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, at his current place of business, 864 Broad Street, Augusta, GA 30901

7.

At all relevant times, Defendant Lisa McGhee was employed by Defendant DeKalb County School District as the Principal for the Lithonia Middle School, and is sued in her individual capacity. Ms. McGhee may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, at her current place of business, 3535 Dogwood Farm Road, Decatur, GA 30034.

8.

The Defendant Robin Goolsby is employed by Defendant DeKalb County School District as the Legal Specialist for Defendant DeKalb County School District, and is sued in her individual capacity. Ms. Goolsby may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, at her place of business, 1701 Mountain Industrial Boulevard, Stone Mountain, GA 30083.

9.

DeKalb County Schools receives federal funds for the provision of public school education.

## STATEMENT OF FACTS

10.

Mr. Jackson began his employment with the DeKalb County School District in 2002. Mr. Jackson began working at Lithonia Middle School in April of 2006.

11.

During the relevant time, Mr. Jackson was employed as a plant engineer at the Lithonia Middle School located at 2451 Randall Avenue, Lithonia, GA 30058.

12.

During the relevant time, Ms. Lisa McGhee was the principal at Lithonia Middle School and Mr. Jackson's direct supervisor.

13.

On more than one occasion, Mr. Jackson spoke to Ms. McGhee to complain about employees within his department participating in "time theft" and the fact that one male employee was inappropriately speaking to and touching female students of the age range of 11 – 13 years of age.

14.

Mr. Jackson had researched the names of the employees and discovered that two of the employees in his department were registered sex offenders. Mr. Jackson discovered that the male employee who was inappropriately speaking to and touching the female students was a registered sex offender.

15.

Mr. Jackson notified Ms. McGhee that two of his employees were registered sex offenders, including the individual who had been inappropriately speaking to and touching female students.

16.

Ms. McGhee told him that everyone deserved a second chance.

17.

Following Mr. Jackson's complaints, he received a poor performance review on May 5, 2014. In response to the review, he complained of working with two sex offenders, including one that did 14 years for aggravated assault. He also complained of the threats that he had received at work. He ends his response with the following statement: "One thing I do know is that this community and the students deserve better."

18.

On June 10, 2014, Mr. Jackson reported to Ms. McGhee and Dr. Bradshaw, the Regional Superintendent, the issues about employees committing time theft, employees who were convicted sex offenders, and the inappropriate conduct of one of the employees.

19.

Dr. Bradshaw told Mr. Jackson that the hiring of employees was not his responsibility, and the HR department hired individuals with criminal records.

20.

On June 11, 2014, Mr. Jackson spoke to Robin Goolsby in the legal department and he expressed his concerns about having a sex offender working at the school.  He told Ms. Goolsby that several female students had complained about feeling uncomfortable around this employee and he believed as the employee's supervisor that the he needed to rectify the situation because he could be held liable for the employee's conduct.  Ms. Goolsby response was that Mr. Jackson needed to "stay in your lane."

21.

Ms. McGhee, Dr. Bradshaw and Ms. Goolsby ignored Mr. Jackson's concerns.

22.

On July 22, 2014, Ms. Goolsby informed Mr. Jackson that Dr. Bradshaw was recommending his termination based upon state laws, but she was giving Mr. Jackson an opportunity to resign.  Mr. Jackson refused to resign.

23.

On July 30, 2014, Mr. Jackson was given a termination letter by a DeKalb County School District Attorney.  The letter was dated July 29, 2014 and signed by a DeKalb County School District Attorney.

24.

The letter stated that Mr. Jackson was being terminated for insubordination and negligence of duties.  Mr. Jackson denies that he was ever insubordinate or that he ever neglected his duties.

25.

Following Mr. Jackson's original complaints, he received no support from his principal, Ms. McGhee, or from the regional superintendent, Dr. Bradshaw.

26.

Prior to his termination, Mr. Jackson had received no disciplinary action.

27.

DeKalb County School District provided a separation notice to the Georgia Department of Labor dated August 5, 2014.  The notice stated the circumstances of the separation as being:  "Termination by Board."

28.

On August 8, 2014, Mr. Jackson contacted the DeKalb County Ethics line and reiterated the facts relating to his complaint.  In his phone call to the ethics line, he specifically requested Michael Thurmond to review his complaint and investigate his termination.

29.

On September 1, October 1, and October 7, 2014, Mr. Jackson continued to contact DeKalb County School District Ethics line to follow up as to the commencement of any action or investigation of his complaint and termination.

30.

On November 6, 2014, Mr. Jackson filed a written complaint outlining the reasons that his termination was unlawful retaliation for his complaints.

31.

On approximately November 17, 2014, Mr. Jackson left a package containing his complaint and a request for an investigation and review of his termination in the office of Michael Thurmond, Interim Superintendent of the DeKalb County School District, and he was told that Mr. Thurmond would receive it.

32.

No one representing the school district ever replied to Mr. Jackson's complaints.

33.

In or about early December, 2014, the employee whose inappropriate conduct toward the female students was the basis for Mr. Jackson's complaints was arrested for sexual molestation of two female students who attended Lithonia

Middle School. One student was 11 years of age and one student was 13 years of age.

34.

Mr. Jackson was not terminated for "negligence and insubordination" but for making his complaints about the sexually inappropriate conduct of an employee.

35.

Mr. Jackson timely filed a complaint with the Office for Civil Rights, the United States Department

COUNT ONE:  RETALIATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
(20 U.SC. §1681, et. seq.)

36.

All of the factual allegations contained in the preceding paragraphs are incorporated herein by express reference.

37.

The DeKalb County School District receives federal funds to assist in providing public school education for children residing in DeKalb County.

38.

DeKalb County School District took adverse actions against Mr. Jackson up to and including his termination.

39.

Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et. seq., prohibits discrimination on the basis of sex in any program or activity receiving federal financial assistance.  Title IX prohibits retaliation against any individual who reports, objects to, or otherwise complains about discrimination on the basis of sex in any such program or activity which is a recipient of federal financial assistance.

40.

Mr. Jackson's actions on behalf of the female students in the middle school who were being subjected to inappropriate sexual conduct by a male employee who was a sex offender was protected activity under Title IX.

41.

As the result of his termination, Mr. Jackson has suffered damages which consist of, but are not limited to lost wages, emotional damages, and attorney fees and costs.

42.

Mr. Jackson will be seeking all relief available to him pursuant to the statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

(a) That this Court declare that Defendants' actions, policies and practices complained of herein violate the rights of Plaintiff under 20 U.S.C. § 1681;

(b) that the Court enter an injunction awarding Plaintiff reinstatement to his position with Defendant District and/or front pay in lieu of reinstatement;

(c) that appropriate back pay and actual and compensatory damages, with all benefits and emoluments of employment, be awarded to Plaintiff against Defendants;

(d) that nominal damages be awarded for the deprivation of Plaintiff's federal rights;

(e) that Plaintiff be awarded costs and reasonable attorneys' fees in this action pursuant to 42 U.S.C. §§ 1988;

(f) that Plaintiff be awarded such other and further relief as the Court deems just and proper; and

(g) that the within action be tried by a jury.

Respectfully submitted this 29th day of July, 2016.

/s/ Jamie G. Miller
Jamie G. Miller
Counsel for Plaintiff
Ga. Bar No. 507159

Jamie Miller Law, LLC
3490 Piedmont Road NE
Suite 1200, One Securities Centre
Atlanta, GA 30305
404-841-9400 (telephone)

404-891-5769 (facsimile)
jgmiller@jamiemillerlaw.com